**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| WONTON FOOD INC., WONTON FOOD TENNESSEE INC., and WONTON FOOD CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES,<br><br>Defendants. | Court No. 26-05016 |

**COMPLAINT**

1. Plaintiffs Wonton Food Inc., Wonton Food Tennessee Inc., and Wonton Food Corp. (collectively, "Plaintiffs") are U.S. importers of certain bakery machinery and other machinery and components used in the food industry.

2. Plaintiffs each import certain goods from China and Taiwan, among other countries.

3. Pursuant to Executive Orders by President Trump asserting authority under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701 *et seq.*, commencing on February 4, 2025, the United States imposed tariffs on most imported merchandise (the "IEEPA tariffs").

4. Consistent with the Executive Orders, corresponding amendments to the Harmonized Tariff Schedule of the United States ("HTSUS"), and guidance from U.S. Customs and Border Protection

("CBP"), each Plaintiff deposited IEEPA tariffs with CBP in relation to entries of goods for which it is the importer of record.

5. The United States Supreme Court held that the IEEPA tariffs are unlawful because IEEPA does not authorize the President to impose the IEEPA tariffs on imported merchandise. *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025), *aff'd in part, vacated in part, remanded sub nom. V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, 146 S. Ct. 73, *and aff'd sub nom. Learning Res., Inc. v. Trump*, 607 U.S. 229 (2026). This action is necessary because, although the Supreme Court determined the IEEPA tariffs were unlawful, Plaintiffs are not guaranteed a refund of those unlawfully collected tariffs in the absence of their own judgment and judicial relief.

6. Plaintiffs seek a refund of all the IEEPA tariffs that they deposited, in addition to interest as provided by law, and such further relief as the Court deems appropriate.

## I. PARTIES

7. Plaintiff Wonton Food Inc. is a U.S. entity that imports certain goods from China and Taiwan, among other countries.

8. Plaintiff Wonton Food Tennessee Inc. is a U.S. entity that imports certain goods from China and Taiwan, among other countries.

9. Plaintiff Wonton Food Corp. is a U.S. entity that imports certain goods from China and Taiwan, among other countries.

10. Defendant United States Customs and Border Protection is an entity within the U.S. Department of Homeland Security and collected the IEEPA tariffs deposited by Plaintiffs.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity as the individual who will effectuate the relief sought in this action.

12. Defendant United States is the party that received the IEEPA tariffs deposited by Plaintiffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

13. Defendants are referred to collectively as "Defendant" in this complaint.

## II. JURISDICTION AND STANDING

14. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i)(1)(B) and 28 U.S.C. § 2631(i). *Learning Res.*, 607 U.S. at 237 n.1 ("We agree with the Federal Circuit that the *V.O.S. Selections* case falls within the exclusive jurisdiction of the CIT."); *V.O.S. Selections, Inc.*, 149 F.4th at 1329.

15. The IEEPA tariffs arose from a series of Executive Orders directing CBP to implement new classifications under Chapter 99 of the HTSUS.

16. The IEEPA tariffs were imposed by Executive Order. Jurisdiction under another subsection of § 1581 is unavailable. As this Court recognized in *AGS Company Automotive Solutions*, "[b]ecause Customs has no authority to make any decision regarding the legality or constitutionality of the Executive Orders at issue, this court has jurisdiction pursuant to 28 U.S.C. § 1581(i) rather than § 1581(a), and liquidation of the entries at issue is not final under § 1514." *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1303 (Ct. Int'l Trade 2025).

17. This Court has all the powers in law and equity of a district court, including the power to enter money judgments, order reliquidation and refunds where the government has unlawfully exacted duties, and grant injunctive and declaratory relief. 28 U.S.C. §§ 1585, 2643(a)(1), (c)(1); *AGS Co. Auto. Sols.*, 813 F. Supp. 3d at 1302.

18. Each Plaintiff has standing to bring this lawsuit as the importer of record for goods that were subject to the IEEPA tariffs as implemented and collected by CBP. Plaintiffs continue to suffer injury because entries on which they paid IEEPA tariffs have been liquidated or remain subject to

liquidation without the refunds to which Plaintiffs are entitled. A favorable decision ordering a refund of the IEEPA tariffs will redress Plaintiffs' economic injuries.

## III. TIMELINESS

19. An action under 28 U.S.C. § 1581(i) must be brought within two years after the cause of action first accrues. 28 U.S.C. § 2636(i).

20. Plaintiffs timely commenced this action within two years of the Executive Orders implementing the IEEPA tariffs.

## IV. BACKGROUND

21. Beginning in February 2025, the President, relying on IEEPA, issued several Executive Orders imposing tariffs on imported merchandise.

22. The first series of Executive Orders (the "Trafficking Tariff Orders") imposed tariffs under IEEPA on imported merchandise of Canada, Mexico, and the People's Republic of China, or modified those tariffs. Executive Order 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 1, 2025); Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 1, 2025); Executive Order 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 1, 2025); *see, e.g.*, Executive Order 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,277 (Feb. 5, 2025); Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 3, 2025).

23. The second series of Executive Orders (the "Reciprocal Tariff Orders") imposed tariffs under IEEPA on most imported merchandise, or modified those tariffs, to address trade deficits with the

United States' trading partners, among other issues. Executive Order 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 2, 2025); *see, e.g.*, Executive Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 8, 2025); Executive Order 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 9, 2025); Executive Order 14270, *Modifying Reciprocal Tariff Rates To Reflect the Agreement Between the United States of America and the United Kingdom*, 90 Fed. Reg. 16,051 (Apr. 15, 2025); Executive Order 14283, *Modifying Reciprocal Tariff Rates To Reflect the Agreement Between the United States of America and Japan*, 90 Fed. Reg. 17,223 (May 8, 2025); Executive Order 14291, *Modifying Reciprocal Tariff Rates To Reflect the Agreement Between the United States of America and the Republic of Korea*, 90 Fed. Reg. 18,405 (May 22, 2025).

24. The third series of Executive Orders (the "Country-Specific Tariff Orders") imposed tariffs under IEEPA on imported merchandise of additional countries or modified those tariffs. *See, e.g.*, Executive Order 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (July 30, 2025); Executive Order 14325, *Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 37,957 (Aug. 6, 2025); Executive Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 6, 2025).

25. The Executive Orders also modified, or directed federal agencies to modify, the HTSUS to include the IEEPA tariffs in various Chapter 99 headings.

26. Plaintiffs classified their imported goods under Chapter 99 headings imposing IEEPA tariffs, as required under the HTSUS.

27. Importers of record, like Plaintiffs, must deposit estimated IEEPA tariffs, like all other duties, at the time of entry. 19 U.S.C. § 1505(a).

28. Plaintiffs paid all estimated duties, taxes, and fees, including IEEPA tariffs, owed on their entries of imported goods.

29. The Supreme Court held that IEEPA does not authorize the President to impose tariffs. *Learning Res.*, 607 U.S. at 246. The IEEPA tariffs are therefore unlawful.

30. This Court has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *AGS Co. Auto. Sols.*, 813 F. Supp. 3d at 1302 (quotation omitted).

31. Due process requires that Defendant refund the IEEPA tariffs that Plaintiffs deposited and that Defendant unlawfully collected.

32. Defendant previously confirmed that it would "issue refunds" of the IEEPA tariffs. *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, ECF No. 6 at 25 (Fed. Cir. May 29, 2025).

33. Defendant also represented that it "would not oppose the Court's authority to order reliquidation of entries of merchandise subject to the" IEEPA tariffs to avoid an injunction of liquidation. *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, No. 25-00078, Joint Stipulation ¶ 2, ECF No. 17 (Ct. Int'l Trade May 28, 2025).

34. Despite Defendant's previous representations, Defendant has since represented that a court order may be necessary to authorize Defendant to reliquidate and refund the IEEPA tariffs paid on entries that have been liquidated for more than eighty days. *V.O.S. Selections, Inc. v. Trump*, No. 26-1895, Opening Brief at 31, ECF No. 19 (Fed. Cir. Aug. 10, 2026) ("The agency has no statutory authority to reliquidate finally liquidated entries on its own accord.").

35. On July 15, 2026, this Court announced it would issue individual reliquidation orders in each of the filed cases before it that challenge the imposition of the IEEPA tariffs.

36. These developments following the Supreme Court's decision invalidating the IEEPA tariffs indicate that a reliquidation order from this Court is necessary to obtain refunds on entries that have been liquidated for more than eighty days. There is no distinction between the claims raised in the approximately 3,700 cases pending before this Court regarding the same issues and the claims raised by Plaintiffs here.

## V. CLAIMS

### Refund of IEEPA Tariffs Paid

37. Plaintiffs incorporate paragraphs 1 through 36 by reference.

38. Plaintiffs seek an order from this Court applying the binding decision of the Supreme Court holding that the challenged IEEPA tariffs are unlawful, enjoining CBP from any further collection of them, and ordering CBP to refund to each Plaintiff all IEEPA tariffs it deposited, with interest as provided by law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the IEEPA tariffs were unlawfully imposed without statutory authority;

b. Order Defendant to reliquidate all of Plaintiffs' entries of imported goods subject to IEEPA tariffs that have been liquidated for more than eighty days and refund to each Plaintiff all IEEPA tariffs that it paid, with all interest as provided by law;

c. Order Defendant to refund to each Plaintiff all IEEPA tariffs that it paid on unliquidated entries of imported goods, with all interest as provided by law;

d. Award Plaintiffs their costs and attorneys' fees; and

e. Grant Plaintiffs such further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Felicia Leborgne Nowels*

Felicia Leborgne Nowels, Esq.
Florida Bar Number: 676640
Email: felicia.nowels@akerman.com

Li X. Massie, Esq.
Florida Bar Number: 1018914
Email: li.massie@akerman.com

Odette Ponce, Esq.
Florida Bar Number: 1038820
Email: odette.ponce@akerman.com

AKERMAN LLP
201 E. Park Avenue
Suite 300
Tallahassee, FL 32301
Phone: (850) 224-9634
Fax: (850) 222-0103
*Counsel for Plaintiffs Wonton Food Inc., Wonton Food Tennessee Inc., and Wonton Food Corp.*

Date: November 4, 2026